**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROSS W. BROWN, | : | |
| | : | |
| Petitioner, | : | Civil Action No. |
| | : | 20-14648 (JMV) |
| v. | : | |
| | : | **OPINION** |
| DIRECTOR EDWARDS, | : | |
| | : | |
| Respondent. | : | |

**VAZQUEZ, District Judge:**

Petitioner, a state pretrial detainee, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (D.E. 1.) The Court ordered an expedited response,[1] and Respondent filed a motion to dismiss this matter for Petitioner's failure to exhaust his state court remedies. (D.E. 19.) Petitioner did not file an opposition. For the following reasons, the Court will grant Respondent's motion and dismiss the Petition without prejudice for failure to exhaust.

**I.   BACKGROUND**

This case arises from Petitioner's pre-trial detention at the Hudson County Jail. As a person with many preexisting conditions, Petitioner contends that Respondent's handling of the COVID-19 pandemic violate Petitioner's rights.

By way of background, on June 9, 2019, Petitioner allegedly pushed an individual at a café in Newark, New Jersey, and stole her laptop and cellphone. A Grand Jury returned an indictment

---

[1] Respondent had missed his original deadline as there was confusion as to which state office would be handling this matter. Ultimately, the Hudson and Essex County Prosecutor's Offices entered the case, and the Court granted an extension of time to respond for good cause shown. (D.E. 17).

charging Petitioner with second degree robbery in violation of N.J.S. § 2C:15-1. (D.E. 18-1.) Later that month, the State moved for pretrial detention. (D.E. 18-1.) Following a hearing, the New Jersey Superior Court found that no amount of bail or non-monetary release conditions would reasonably assure Petitioner's appearance in court, the safety of the victims and the community, or that Petitioner would not obstruct or attempt to obstruct justice. (D.E. 18-2.)

In arriving at that conclusion, the court considered, among other things, Petitioner's Public Safety Assessment ("PSA"). The PSA indicated that Petitioner's risk of failure to appear and risk of engaging in new criminal activity were each at level six, the maximum. (D.E. 18-2, at 10–11; D.E. 18-3, at 18). In particular, Petitioner had seven prior disorderly persons convictions, two indictable convictions for theft, and one violent conviction for aggravated assault. (D.E. 18-3, at 18–20.) As to his risk of failing to appear, Petitioner had failed to appear five times in the past two years and an additional eleven times before. (*Id.*) Consequently, that court ordered Petitioner's pretrial detention. (*Id.* at 22.) Petitioner appealed the detention order, and the New Jersey Appellate Division affirmed on November 22, 2019. (D.E. 18-5.) Petitioner did not seek certification from the Supreme Court of New Jersey.

On September 23, 2020, Petitioner, through his public defender, filed a motion to reopen detention. (D.E. 18-6.) Petitioner argued that the indefinite postponement of jury trials due to COVID-19 violated his due process and speedy trial rights. (*Id.*) Petitioner did not, however, challenge the conditions of his confinement in that motion. The State filed an opposition, and that motion remains pending before the trial court. (D.E. 19.)

On or about October 19, 2020, Petitioner filed the instant Petition, arguing that the conditions of his confinement are unconstitutional and seeking his release. (D.E. 1, at 6–7.) He contends that he is at risk of severe illness from COVID-19 because he is obese, has asthma, and

has a variety of mental illnesses. (*Id*.) Petitioner also maintains that because of the pandemic, he is isolated at the jail for approximately twenty-two hours per day, which exacerbates his mental illnesses. (*Id*.)

According to Petitioner, the jail "has not undertaken efforts to permit social distancing, increase general cleaning, monitor detainee[s'] health, [or] provide ongoing medical treatment, including testing, to detainees who exhibit symptoms consistent with COVID-19." (*Id*. at 9.) Additionally, Petitioner maintains that his detention violates his due process and speedy trial rights. (*Id*. at 6–7.) In response, Respondent filed a motion to dismiss this matter for Petitioner's failure to exhaust his state court remedies, and Petitioner did not file a reply. (D.E. 19.)

## II.     STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b). A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243.

Thus, "[f]ederal courts . . . [may] dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856. More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### III. DISCUSSION

Respondent contends that the Court should dismiss this matter for Petitioner's failure to exhaust his state court remedies. Generally, federal habeas corpus is primarily a post-conviction remedy for state prisoners. *Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975). Although this court has "jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court," *see id.*, courts should exercise that jurisdiction "sparingly" in order to prevent federal pretrial interference of "'the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445–46).

Consequently, district courts should not exercise pretrial habeas jurisdiction without the exhaustion of state court remedies, unless the detainee presents extraordinary circumstances. *See id.*; *Jackson Bey v. Daniels*, No. 19-16374, 2019 WL 4749822, at *1 (D.N.J. Sept. 27, 2019). Exhaustion requires petitioners to have fairly presented each federal ground raised in their petition to each level of the New Jersey state courts, including the Supreme Court of New Jersey. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Muhammad v. Cohen*, No. 12-6836, 2013 WL 588144, at *2 (D.N.J. Feb. 13, 2013). Without extraordinary circumstances, a district court should only exercise pretrial habeas jurisdiction if the "petitioner makes a special showing of the need for such adjudication *and* has exhausted [his] state remedies." *Daniels*, 2019 WL 4749822, at *1 (emphasis added) (citing *Moore*, 515 F.2d at 443; *Sampson v. Ortiz*, No. 17-1298, 2017 WL 4697049, at *2 (D.N.J. Oct. 19, 2017)).

With those principles in mind, Petitioner has not exhausted his state court remedies as to any of his claims. Although Petitioner, through counsel, raised COVID-19 related due process and speedy trial claims in his motion to reopen pretrial detention, that motion remains pending

before the trial court. As a result, it does not appear that Petitioner has presented those claims to the Appellate Division or to the Supreme Court of New Jersey. To the extent Petitioner contends that the trial court should dismiss his indictment or that the conditions of his confinement violate his constitutional rights, Petitioner concedes that he has not presented these grounds, or any of the other grounds in the Petition, "in all appeals that were available to [him]." (*Id*. at 6–7.)

In one of his letters to the Court, Petitioner appears to believe that presenting *any* claim to the Appellate Division is sufficient to exhaust his state court remedies, but he is incorrect. (D.E. 11.) Petitioner must present each of his claims at each level of the state courts, including the Supreme Court of New Jersey. *See O'Sullivan*, 526 U.S. 838; *Muhammad*, 2013 WL 588144, at *2.

Nor does Petitioner allege any extraordinary circumstances that would justify pretrial habeas jurisdiction or provide a basis for this Court to intervene in his state criminal proceedings. *See Ashford v. Briggs*, No. 20-01118, 2020 WL 5548716, at *3 (M.D. Pa. Sept. 16, 2020) (finding that COVID-19 related issues do not constitute extraordinary circumstances); *Galloway v. Walton*, No. 20-611, 2020 WL 3977376, at *1 (W.D. Pa. July 14, 2020) (same); *Milbourne v. Smith*, No. 20-0012, 2020 WL 2744608, at *3 (D.N.J. May 27, 2020) (same).

Just as Petitioner seeks emergency relief before this Court, he could seek such relief or otherwise challenged the conditions of his confinement in the state courts. *See, e.g.*, *Malloy v. Dist. Attorney of Montgomery Cty.*, No. 20-1804, 2020 WL 2571170, at *3 (E.D. Pa. May 21, 2020) (dismissing a petition for failure to exhaust, in a COVID-19 case, where the "Petition contains no suggestion that Petitioner has attempted to exhaust the state court process through emergency motion or petition to the state trial or appellate courts."); *see also Bussinger v. Gramp*, No. 20-5600, 2020 WL 2989080, at *2 (D.N.J. June 3, 2020).

As Petitioner has failed to exhaust his state court remedies as to any of his claims and because he has not shown extraordinary circumstances, the Court declines to exercise pretrial habeas jurisdiction and will dismiss the Petition.

## IV.     CERTIFICATE OF APPEALABILITY

Generally, federal prisoners do not require a certificate of appealability to appeal decisions arising from petitions pursuant to 28 U.S.C. § 2241. *See, e.g.*, *Day v. Nash*, 191 F. App'x 137, 139 (3d Cir. 2006). State pre-trial detainees, however, must obtain a certificate of appealability to challenge "the final order in a habeas corpus proceeding in which the detention complained of arises out of a process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); *Stepney v. Anderson*, No. 20-2476, 2020 WL 2079241, at *2 (D.N.J. Apr. 29, 2020).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons discussed above, jurists of reason would not find it debatable that Petitioner has failed to exhaust his state court remedies and that the Court should not exercise pretrial habeas jurisdiction. Accordingly, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition without prejudice for failure to exhaust. A certificate of appealability shall not issue. An appropriate Order follows.

Dated: 1/20/2021

                                                                      JOHN MICHAEL VAZQUEZ
                                                                      United States District Judge